UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBAR INTERNATIONAL INC,<br><br>Plaintiff,<br><br>v.<br><br>THE DEPARTMENTAL OFFICE OF CIVIL RIGHTS OF THE U.S. DEPARTMENT OF TRANSPORATION,<br><br>Defendant. | CASE NO. C13-242 MJP<br><br>ORDER DENYING MOTION TO STAY SHOW CAUSE HEARING AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION |

THIS MATTER comes before the Court on Plaintiff's motion to stay their upcoming show cause hearing. (Dkt. No. 5.) The Court considered the motion, responses (Dkt. Nos. 20 and 21), reply (Dkt. No. 26), and all related documents. The Court DENIES the motion and DISMISSES this case for lack of subject matter jurisdiction.

## Background

This action seeks to enjoin an administrative hearing by the Office of Minority and Women's Business Enterprises ("OMWBE") pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §702. Plaintiff is Rebar International Inc. ("RBI"), a Washington corporation certified as a Disadvantaged Business Enterprise ("DBE"). (Dkt. No. 1 at 2.) Defendant Department of Civil Rights of the U.S. Department of Transportation ("USDOT/DOCR") is the federal agency that administers the DBE program, which provides minority and women-owned businesses an increased opportunity for participation in state and local procurement. (Id. at 4.) Defendant Joseph E. Austin is the Associate Director of USDOT/DOCR. (Id. at 2.) State agencies receive funds for the DBE program, as directed by 49 C.F.R. Part 26, and administer the certification process. (Id.) In Washington, the entity receiving USDOT/DOCR funds for and administering the DBE program is the OMWBE. (Id. at 5.) Defendant Chris Liu was employed by OMWBE at all times relevant to this litigation. (Id. at 2.)

To be properly classified as a DBE, a company must meet certain requirements. RBI has enjoyed DBE status since 1988. (Dkt. No. 5 at 3.) In 2010, an individual from the Federal Highway Association, Washington Division ("FHWA") questioned whether RBI remained properly classified in the DBE program. (Id. at 4.) Following the assertions, RBI was notified by OMWBE of the intent to decertify RBI. (Id. at 5.) At RBI's request, a show cause hearing was held between RBI and OMWBE before a three-member Certification Committee selected by OMWBE. (Id.) FHWA was notified and declined to attend the hearing, but OMWBE prosecuted FHWA's position. (Id.) On July 29, 2010, the Certification Committee unanimously found RBI properly certified as a DBE. (Id.) No appeal was taken. (Id. at 6.)

ORDER DENYING MOTION TO STAY SHOW
CAUSE HEARING AND DISMISSING CASE FOR
LACK OF SUBJECT MATTER JURISDICTION- 2

On May 11, 2011, RBI was notified FHWA had directed OMWBE to initiate another proceeding to remove RBI's DBE certification for the same reasons. (Dkt. No. 5 at 6.) A second show cause hearing was held, and FHWA declined to appear. (Id.) On November 18, 2011, a three-member Certification Committee, distinct from the first committee but also selected by OMWBE, unanimously determined RBI was properly certified as a DBE. On February 14, 2012, FHWA appealed the decision to USDOT/DOCR. On November 30, 2012, USDOT/DOCR issued a response to FHWA's appeal, stating OMWBE failed to "meet the spirit and intent" of the DBE provisions and did not adequately prosecute the removal of RBI's DBE status. (Id. at 7.) USDOT/DOCR directed OMWBE to hold another show cause hearing demanding OMWBE collect evidence and properly prosecute the case against RBI. (Id. at 7-8.) On December 13, 2012, RBI received a letter that OMWBE sent to the Office of Administrative Hearings to request an administrative law judge to conduct the third show cause hearing with RBI. (Id. at 8.)

RBI seeks a preliminary injunction, and ultimately a permanent injunction, of this third show cause hearing on the grounds of res judicata. (Dkt. No. 5 at 9.) The State Defendants, OMWBE and Chris Liu, request the motion for a temporary stay be dismissed against them because the APA does not apply to them. (Dkt. No. 20 at 1.) The Federal Defendants, USDOT/DOCR and Joseph E. Austin, contend this Court lacks subject matter jurisdiction because the order from USDOT/DOCR was a remand and not a final agency action. (Dkt. No. 21 at 2).

**Discussion/Analysis**

Because the order from USDOT/DOCR remanding the administrative proceeding to OMWBE is not a final order, this Court lacks subject matter jurisdiction and must dismiss this case. The APA provides district courts an avenue for subject matter jurisdiction and waiver of federal sovereign immunity when final agency action is challenged under 5 U.S.C. §704. In order

ORDER DENYING MOTION TO STAY SHOW
CAUSE HEARING AND DISMISSING CASE FOR
LACK OF SUBJECT MATTER JURISDICTION- 3

for an agency decision to be "final" it must "mark the 'consummation' of the agency's decision-making process" and be "one by which 'rights or obligations have been determined' or from which 'legal consequences will flow.'" Bennett v. Spear, 520 U.S. 154, 178 (1997).

The general rule in the 9th Circuit is remand orders are not considered final. Nat'l Ass'n of Home Builders v. Norton, 325 F.3d 1165, 1167 (2003). Plaintiff points to language in the regulation dictating the appeal process with USDOT/DOCR, found in 49 C.F.R. §26.89(g), to argue the remand is a final order. This regulation states "All decisions under this section are administratively final, and are not subject to petitions for reconsideration." 49 C.F.R. §26.89(g). The regulation also provides for a remand if the "record is incomplete or unclear with respect to matters likely to have a significant impact" on the outcome of the case, or if "further proceedings consistent with Department instructions concerning the proper application of the provisions" in the regulation are necessary. 49 C.F.R. §26.89(f)(4). Plaintiff argues the remand discussed in §26.89(f)(4) is a "decision" within the meaning of §26.89(g), and thus final.

Neither the Code of Federal Regulations nor the Administrative Procedures Act provides a definition of the term "decision." Case law in the 9th Circuit indicates, while a remand can be a final decision if it meets certain qualifications such as the conclusive resolution of a separable legal issue, a remand simply ordering further investigation is not a "decision" for the purposes of finality. Hensley v. Northwest Permanente P.C. Ret. Plan & Trust, 258 F.3d 986 (9th Cir. 2001) (overruled on other grounds by Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006)).

Ultimately, it is the APA that provides a path to jurisdiction so finality must be determined within the APA framework. In discussing finality in the APA context, the 9th Circuit held they "look to whether the action 'amounts to a definitive statement of the agency's position' or 'has a

ORDER DENYING MOTION TO STAY SHOW
CAUSE HEARING AND DISMISSING CASE FOR
LACK OF SUBJECT MATTER JURISDICTION- 4

direct and immediate effect on the day-to-day operations' of the subject party, or if 'immediate compliance [with the terms] is expected.'" Or. Natural Desert Ass'n v. United States Forest Serv., 465 F.3d 977, 982 (9th Cir. 2006). The practical and legal effects of the agency action control, and finality is interpreted in a "pragmatic and flexible" manner. Id. "'The core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.'" Id., (quoting Indus. Customers of NW Utils. V. Bonneville Power Admin., 408 F.3d 638, 646 (9th Cir. 2005)).

Although it is plausible that a remand from USDOT/DOCR could be a "decision" within the meaning of 49 C.F.R. §26.89(g) and administratively final under the APA, it is not here. The remand letter from USDOT/DOCR says after reviewing the records, USDOT/DOCR determined OMWBE's decision to maintain RBI's certification was unsupportable by the record and procedural errors in the initial hearing required the case be remanded "for further development." (Dkt. No. 22-6 at 12.) The central reason for the remand is USDOT/DOCR's determination that OMWBE "did not fully meet the spirit and intent" of the hearing requirements and did not "adequately prosecute a proceeding" to remove RBI's eligibility. (Id.) The remand order is devoid of conclusions about RBI's status or other indicia of finality. Based on the content of this USDOT/DOCR remand, it is not final and not a "decision" within the meaning of 49 C.F.R. §26.89(g). Because the administrative remand order is not final agency action, this Court lacks subject matter jurisdiction. The motion to stay the administrative show cause hearing is DENIED and this case is DISMISSED.

## Conclusion

The remand order from USDOT/DOCR is not a final agency action. With no final agency action in this matter, there is no subject matter jurisdiction under the APA. Because there is no

1 | subject matter jurisdiction, the motion to stay the show cause hearing is DENIED and this case is
2 | DISMISSED.

4 |       The clerk is ordered to provide copies of this order to all counsel.

5 |       Dated this 30th day of March, 2013.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING MOTION TO STAY SHOW
CAUSE HEARING AND DISMISSING CASE FOR
LACK OF SUBJECT MATTER JURISDICTION- 6